IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BETTER BITES BAKERY LLC, § | |
| § | |
| § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. _____ |
| v. § | |
| § | |
| THE FRENCH CONFECTIONERY, LLC, § | **JURY DEMANDED** |
| DBA SULPICE § | |
| Defendant. § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
UNFAIR COMPETITION, UNJUST ENRICHMENT,
AND CANCELLATION OF REGISTRATION**

Better Bites Bakery LLC, appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement, unfair competition, and cancellation of registration under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Defendant because Defendant advertises and sells the products at issue in this action nationwide, including in this district, and because the harm caused by Defendant's infringing actions is directed at Plaintiff, who resides in this district.

## PARTIES

5. Plaintiff Better Bites Bakery LLC ("Better Bites" or "Plaintiff") is a Texas limited liability company with a principal place of business at 103 Winecup Way, Austin, Texas 78737.

6. Upon information and belief, Defendant The French Confectionery, LLC DBA Sulpice ("Defendant") is an Illinois limited liability company with a principal place of business at 573 Heritage Drive, Oswego, Illinois 60543.

## FACTS

**A.   THE BETTER BITES TRADEMARKS**

7. Better Bites is a Texas company offering vegan, gluten-free, and allergen-free (of the top 8 allergens) desserts—including chocolate-coated, bite-sized snacks.

8. Since at least as early as 2011, Plaintiff has continuously used the marks BETTER BITES and BETTER BITES BAKERY in connection with its dessert products. The BETTER BITES and BETTER BITES BAKERY marks are collectively referred to below as the "Better Bites Marks."

9. The BETTER BITES Marks are distinctive and serve to identify and indicate the source of Plaintiff's goods and services to the consuming public.

10. In addition, as a result of its long use and promotion of the BETTER BITES Marks, the marks have become distinctive to designate Plaintiff, to distinguish Plaintiff and its goods and services from those of others, and to distinguish the source or origin of Plaintiff's goods and services. As a result of these efforts by Plaintiff, the relevant public widely recognizes and

associates the BETTER BITES Marks with Plaintiff, Plaintiff's business, and Plaintiff's allergen-free products.

11.   As a result of its long use and promotion of the BETTER BITES Marks, Plaintiff has acquired valuable common law rights in the Marks.

12.   In addition to its extensive common law rights, Plaintiff owns federal registrations for its BETTER BITES Marks on the Principal Register of the United States Patent and Trademark Office ("USPTO").  *See* U.S. Reg. Nos. 5,139,735 and 5,811,242.  The BETTER BITES BAKERY registration covers "Bakery goods, namely, cupcakes, cake balls and cookie balls, bread, bread crumbs, brownies, cakes, churros, cookies, muffins, scones, and tarts" in Class 30, and the BETTER BITES registration covers "Bakery goods, namely, cupcakes, cake balls, brownies, cakes, cookie dough balls, and chocolate-covered cookie dough balls" in Class 30. Both registrations are valid and subsisting.  True and correct copies of these registrations are attached hereto as **Exhibit A**.

**B.   DEFENDANT'S INFRINGING ACTIVITIES**

13.   Upon information and belief, in or around Fall 2016—and long after Plaintiff began its use of the BETTER BITES Marks—Defendant began using the mark BETTER BITES in conjunction with the sale of health-conscious, gluten-free, and chocolate-coated bite-size snacks on its website and social media.  An advertisement on Defendant's website at the time stated: "Our Better Bites are better for your body."  Other advertisements touted health-related features of the products, such as being gluten-free, non-GMO, and lacking artificial ingredients.

14.   Defendant filed an application with the USPTO to register the mark SULPICE BETTER BITES in October 2016.  Pursuant to an Office Action issued by the Examining Attorney, however, Defendant amended its application in July 2017 by inserting the term

"Chocolate."  Defendant ultimately obtained a registration for SULPICE BETTER CHOCOLATE BITES in November 2017, covering "Chocolate; Chocolate candies; Chocolate confections; Chocolates and chocolate based ready to eat candies and snacks; Confectioneries, namely, snack foods, namely, chocolate; Filled chocolate; Milk chocolate; Snack foods, namely, chocolate-based snack foods" in Class 30.  *See* U.S. Reg. No. 5,344,315.  The first-use date alleged in the registration is April 1, 2016, and the first-use-in-commerce date alleged is August 20, 2016.

15. Though Defendant uses the mark SULPICE BETTER CHOCOLATE BITES on its product packaging, the presentation of the mark is such that only the terms "Better Bites" are immediately discernable to consumers. Indeed, whereas the terms "Sulpice" and "Chocolate" are printed in light grey text and placed against a white background, the terms "Better" and "Bites" are printed prominently in dark brown text against the same white background. In addition, the terms "Better" and "Bites" are printed in significantly larger, bolder text using a more distinctive and clearer typeface. The composition of the mark thus visually accentuates the "Better Bites" portion of the mark while simultaneously de-emphasizing the "Sulpice" and "Chocolate" portions of the mark, as shown below:

 

16. As a result, the "Sulpice" and "Chocolate" portions of the mark on Defendant's packaging are entirely invisible in certain third-party advertisements, meaning consumers perceive the mark as simply BETTER BITES. The image below, for example, is excerpted from a September 2019 catalog of Sprouts Farmer's Market, a national grocery chain, which is distributed to consumers in this district:



17. Likewise, the packaging for Defendant's individually wrapped pieces displays the terms "Better" and "Bites" far more prominently than the terms "Sulpice" and "Chocolate," as shown below:



18. Exacerbating the problems with Defendant's packaging are its similarities to Plaintiff's packaging. As shown in the below comparison, Defendant's packaging employs similar colors to Plaintiff's and features photos of Defendant's product, which is nearly indistinguishable from Plaintiff's:

 

19. Elsewhere, Defendant uses the mark SULPICE BETTER BITES, including on the homepage of its website, which continues to tout the alleged health and nutritional benefits associated with Defendant's products. Moreover, Defendant claims rights in the marks BETTER BITES and BETTER CHOCOLATE BITES on the back of its product packaging.

20. Thus, Defendant's use of four different marks—BETTER BITES, BETTER CHOCOLATE BITES, SULPICE BETTER BITES, and SULPICE BETTER CHOCOLATE BITES (the "Infringing Marks")—infringes Plaintiff's BETTER BITES Marks.

C.  **EFFECT OF DEFENDANT'S ACTIVITIES**

21. Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to

some affiliation, connection, or association of Defendant with Plaintiff or its BETTER BITES Marks, or as to the origin, sponsorship, or approval of Defendant's goods or services by Plaintiff.

22. In fact, Defendant's unauthorized use of the Infringing Marks has already caused consumer confusion. Plaintiff is aware of at least one instance in which a consumer expressed the belief that Plaintiff is the source of Defendant's products.

23. Defendant's unauthorized use of the Infringing Marks also falsely designates the origin of its goods and services, and falsely and misleadingly describes and represents facts with respect to Defendant and its goods and services.

24. Defendant's unauthorized use of the Infringing Marks thus presents a critical health and safety issue. Defendant uses its Infringing Marks in connection with products that contain peanut butter, the consumption of which by those with peanut allergies can be life-threatening. Consumers familiar with Plaintiff's allergen-free BETTER BITES products who mistakenly purchase and consume Defendant's chocolate-covered peanut butter snacks sold using a confusingly similar mark and packaging could suffer serious health consequences as a result.

25. Further, Defendant's unauthorized use of the Infringing Marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for its goods and services not solely on their own merits, but on the reputation and goodwill of Plaintiff, its BETTER BITES Marks, and its goods and services.

26. Defendant's unauthorized use of the Infringing Marks also unjustly enriches Defendant at Plaintiff's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff's and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the BETTER BITES Marks developed and owned by Plaintiff, resulting in

Defendant wrongfully obtaining a monetary and reputational benefit for its own business and goods and services.

27. Through its unauthorized use of the Infringing Marks, Defendant removes from Plaintiff the ability to control the nature and quality of the goods and services provided under its BETTER BITES Marks and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

28. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

29. Plaintiff repeats the allegations above as if fully set forth herein.

30. The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered BETTER BITES Marks in violation of 15 U.S.C. § 1114(1).

31. Upon information and belief, Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the BETTER BITES Marks, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the BETTER BITES Marks. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II:  VIOLATION OF LANHAM ACT SECTION 43(a)

32. Plaintiff repeats the allegations above as if fully set forth herein.

33. The acts of Defendant complained of herein constitute false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Plaintiff has been damaged by Defendant's acts of false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

35. Upon information and belief, Defendant's acts of false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

### COUNT III:  COMMON LAW TRADEMARK INFRINGEMENT

36. Plaintiff repeats the allegations above as if fully set forth herein.

37. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT IV:  COMMON LAW UNFAIR COMPETITION

38. Plaintiff repeats the allegations above as if fully set forth herein.

39. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT V: CANCELLATION OF REGISTRATION

40. Plaintiff repeats the allegations above as if fully set forth herein.

41. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of the mark SULPICE BETTER CHOCOLATE BITES.

42. The mark SULPICE BETTER CHOCOLATE BITES so resembles the Plaintiff's BETTER BITES Marks as to be likely to cause confusion, or to cause mistake, or to deceive. Defendant's registration should therefore be cancelled under 15 U.S.C. § 1052(d).

43. Plaintiff petitions the Court to order the USPTO to cancel Defendant's registration pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## COUNT VI:  UNJUST ENRICHMENT

44. Plaintiff repeats the allegations above as if fully set forth herein.

45. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests that:

(a) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the Infringing Marks, and any other mark, name, or design confusingly similar to the BETTER BITES Marks, names, or designs, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all signage, letterhead, promotional material, internet postings and advertisements, and any other materials bearing or using the Infringing Marks, and any other mark, name, or design confusingly similar to the BETTER BITES Marks, names, or designs;

(c) Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d) Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(e) An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f) The Court Order pursuant to 15 U.S.C. § 1119 cancelling registration of U.S. Reg. No. 5,344,315 to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

(g) Plaintiff recover its reasonable attorneys' fees;

(h) Plaintiff recover its costs and prejudgment and post-judgment interest; and

(i) Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated: September 18, 2019

*/s/ Stephen P. Meleen*
Stephen P. Meleen
State Bar No. 00795776
Giulio Yaquinto
State Bar No. 24107292
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR PLAINTIFF